Christine BLEGEN, a minor appearing by her mother and natural guardian, Elizabeth Blegen YUNICK and Elizabeth Blegen Yunick, individually, Appellants,

v.

Thomas WAWERS, Respondent.

No. C9-84-1303.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Review Denied April 18, 1985.

Barbara J. Rudquist, DeParcq, Perl, Hunegs, Rudquist & Koenig, Minneapolis, for appellants.

George W. Kuehner, Jardine, Logan & O'Brien, St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal follows a directed verdict in favor of respondent. The trial court found that respondent did not live in an "urban area" for purposes of statutory strict liability for dog bites occurring in those areas. We reverse.

## FACTS

Respondent lives within the city limits of Ham Lake, an incorporated area. Appellant, a child, was bitten by respondent's dog and sustained injuries to her face.

In a trial on appellant's suit for damages, respondent testified about the nature of the area in which he lived, and the trial court found that respondent did not reside in an urban area as a matter of law. The trial court directed a verdict in favor of respondent on strict liability under Minn. Stat. § 347.22. The sole theory submitted to the jury was the issue of respondent's negligence. The jury assessed the plaintiff's damages at $7,500, but found that the defendant was not negligent.

## ISSUE

Whether respondent's residence, which is located within the city limits of Ham Lake, an incorporated area, is in an "urban area" within the meaning of Minn.Stat. § 347.22.

## ANALYSIS

At the time of the dog bite, Minn.Stat. § 347.22 provided as follows:

If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be in any urban area, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term "owner" includes any person harboring or keeping a dog. The term "dog" includes both male and female of the canine species.

Minn.Stat. § 347.22 (1978).

The legislature subsequently amended the statute to delete the requirement that the attack or injury occur in an urban area. 1980 Minn.Laws ch. 347, § 1.

For purposes of the "dog bite" statute, we find that an incorporated area such as Ham Lake is an urban area. Before its amendment, the statute was inapplicable in rural sectors of Minnesota, but we do not agree it excepted incorporated lands, depending on uncertain determination of the nature and breadth of heavily settled and less settled areas.

Further, the supreme court has stated:

The distinction between urban property and rural property is well understood. Urban real estate is that situated in a city, or a town resembling a city, while rural real estate is that located in the country, in an agricultural district.

*Stees v. Bergmeier,* 91 Minn. 513, 516, 98 N.W. 648, 650 (1904).

## DECISION

The respondent's home, located within an incorporated area, was within an urban area within the meaning of Minn.Stat. § 347.22 (1978). The trial court's contrary

finding was erroneous, and appellant is entitled to a new trial.

Reversed.

POPOVICH, Chief Judge, dissenting.

I dissent and disagree with the majority. In my opinion the majority is substituting its judgment and legislating that all incorporated cities are urban in character just because they are incorporated, when the court knows that large portions of Ham Lake and other similar cities are not urban in character throughout. I would affirm the trial court.